IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **F.E.I. COMPANY,** | : | |
| | : | **Civil No. 1:15-CV-2009** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES BORDA, JOSEPH PRIORI,** | : | |
| **the UNITED STATES** | : | |
| **DEPARTMENT OF** | : | |
| **AGRICULTURE, and the UNITED** | : | |
| **STATES OF AMERICA,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants.** | : | |

# M E M O R A N D U M

In this action filed pursuant to the Federal Tort Claims Act ("FTCA"),
Plaintiff brings claims sounding in defamation, business disparagement, and
negligence against the United States of America arising out of statements
published by the United States Department of Agriculture announcing that
products stored by Plaintiff were contaminated with ammonia.  Presently before
the court is the Government's motion to dismiss the complaint because (1) Plaintiff
failed to exhaust its administrative remedies prior to filing the complaint, (2)
Plaintiff's defamation and business disparagement claims arise out of libel and
slander, which are specifically excluded under the FTCA, and (3) the individual
defendants are immune to suit in their official capacities.  For the reasons stated
herein, the Government's motion to dismiss will be granted in its entirety.

I.    **Background**

A.    **Facts**

Plaintiff F.E.I. Company ("Plaintiff") is a business entity incorporated in Pennsylvania that operates a cold storage warehouse in Harrisburg, Pennsylvania (the "Warehouse"), in which meats, poultry, desserts, and other frozen food products and perishables are stored for third-party suppliers of such products. (Doc. 4, ¶ 15.)  Plaintiff does not produce or package any of the food products, but rather provides short-term cold storage as part of its clients' supply chain from manufacturers to retailers.  (*Id.*)  Defendants James Borda ("Borda") and Joseph Priori ("Priori") are employees of Defendant United States Department of Agriculture ("USDA").  (*Id.* at ¶ 14.)

On October 10, 2013, a commercial refrigeration repair company called Refrigeration Service & Engineering, Inc., also known as Industrial RSE ("Industrial"), began repairing a water leak from an air refrigeration unit at the Warehouse.  (*Id.* at ¶ 16.)  The leak appeared to be caused by a blockage of ice in a drain pan in a single refrigeration unit, Unit 4.  (*Id.*)  As part of the repairs to Unit 4, and unknown to Plaintiff, Industrial pumped hot ammonia gas through the refrigeration system in order to melt the ice blocking the drain pan.  (*Id.* at ¶ 17.)

On October 18, 2013, Industrial returned to the Warehouse and once again forced hot ammonia gas through the system.  (*Id.*)  The Industrial employee

conducting the repairs also checked a valve on one of the pipes coming out of Unit 4 and informed Plaintiff that the repairs were complete and the problem was solved. (*Id.*) Shortly thereafter, an employee of Plaintiff noticed an odor of ammonia and asked the Industrial employee to return to the Warehouse. (*Id.*) Upon his return, he acknowledged the ammonia odor, found that leaks had occurred in the refrigeration system, and attempted to address the leaks. (*Id.*)

As a result of this incident, several federal and state agencies, including the USDA and the Pennsylvania Department of Agriculture, intervened. (*Id.* at ¶ 18.) On October 24, 2013, the USDA gave Plaintiff a Notice of Detention ("Notice"), which prohibited any meat or poultry products from leaving the Warehouse before being either tested or destroyed, and further prevented any new product from entering the Warehouse. (*Id.* at ¶¶ 18, 23.) The Notice also stated that if the situation was not rectified within twenty days, the United States Marshals would seize all USDA-regulated products. (*Id.* at ¶ 23.) According to the amended complaint, while the USDA later amended the hold so that new products could enter the Warehouse, it continued to prevent products from moving through the Warehouse, even after testing had been completed and no ammonia contamination was found. (*Id.*) Throughout the duration of the hold, Borda and Priori made misrepresentations as to Plaintiff's integrity and professionalism. (*Id.*) In addition,

the United States Food and Drug Administration ("FDA")[1] informed all of Plaintiff's clients that their products should be tested or removed from commerce due to contamination. (*Id.*) In addition to the Notice and informing Plaintiff's clients that there was a threat of ammonia contamination, the USDA also reported the incident to the Pennsylvania Department of Environmental Protection, which found anhydrous ammonia to be present in Unit 4 and issued a report stating, in pertinent part, that "[t]here is no tolerance level of anhydrous ammonia for a food product." (*Id.*)

In response to the situation at the Warehouse, Plaintiff immediately took remedial action by installing temporary roof fans to dissipate the ammonia as well as purchasing eighty-five bags of Ammosorb, which removes ammonia odor from the air. (*Id.* at ¶ 20.) Plaintiff also abided by all of the USDA's and other governmental agencies' requests in an expeditious manner, including having products tested. (*Id.*) At least two of Plaintiff's clients removed and tested their products for ammonia, and although the packaging had a strong ammonia odor, none of the products were contaminated. (*Id.* at ¶¶ 20-21.) Despite the lack of any evidence supporting ammonia contamination of any products at the Warehouse, the USDA forced Plaintiff to send a letter to all of its clients warning of the ammonia

---

[1] Although Plaintiff does not include the "FDA" in the list of agencies that intervened, it refers to the "FDA" and its actions at length throughout the remainder of the complaint. (*See id.* at ¶¶ 18, 19, 21, 22, 26, & 34.) The court assumes, solely for purposes of assessing the sufficiency of the allegations in the amended complaint against the named defendants, that Plaintiff is referring to the United States Food and Drug Administration.

contamination and giving the following three options: 1) voluntary destruction of the products; 2) testing of products to prove they had not been adulterated; or 3) a different proposal from the client on how to handle the product.  (*Id*. at ¶ 28.)

Plaintiff acquiesced to the USDA's demands and allegedly suffered economic harm as a result of sending the letter, as well as the false statements made by Borda and Priori, in the form of lost revenue during the hold, customers who left and have not returned, reputation damage, and clients seeking economic redress from Plaintiff for their own losses suffered while their products were detained at Plaintiff's Warehouse.  (*Id*. at ¶ 18.)

### B. <u>Procedural History</u>

After submitting an administrative remedy to the USDA on August 3, 2015, Plaintiff initiated this action by filing a complaint on October 15, 2015 (Doc. 1), which was amended on October 19, 2015 (Doc. 4), and contains claims for defamation (Count 1), business disparagement (Count 2), and negligence (Count 3) arising out of Borda's and Priori's handling of the ammonia leak at Plaintiff's Warehouse.  Plaintiff did not serve the amended complaint upon Defendants Borda, Priori, and the USDA, however, until March 25, 2016.  (Docs. 12-15.)  On May 18, 2016, the Government filed a notice of substitution pursuant to the FTCA, substituting itself as a defendant in place of Borda, Priori, and the USDA.  (Doc. 16.)  That same day, the Government filed a motion to dismiss Counts 1 and 2 of

the complaint as unavailable under the FTCA, as well as the complaint in its entirety for failure to exhaust administrative remedies.  (Doc. 18.)  The motion has been fully briefed (Docs. 19, 23, & 24) and is ripe for disposition.

## II.   <u>Legal Standard</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

## III.   <u>Discussion</u>

Defendants argue in their motion to dismiss that: (1) the United States is the only proper defendant pursuant to the FTCA, and that Borda, Priori, and the USDA

should be terminated as defendants; (2) Counts 1 and 2 of the amended complaint, which bring claims for defamation and business disparagement, respectively, should be dismissed with prejudice because they arise out of libel and slander and are thus prohibited under the FTCA; and (3) the entire amended complaint should be dismissed because Plaintiff failed to exhaust its administrative remedies by filing the complaint before receiving a final denial or waiting the required six-month period after filing its administrative remedy to the USDA.  (*See* Doc. 19.) Plaintiffs argue in response that individuals may be sued under the FTCA; that Counts 1 and 2 do not arise out of libel or slander, but rather from negligence and abuse of process; and that Plaintiff did exhaust its administrative remedies because Defendants were not served with the complaint until after the six-month period had ended.  (*See* Doc. 23.)  The court will address the Government's arguments in turn.

### A.  <u>Proper Defendants in an FTCA Action</u>

The FTCA provides a limited waiver to the United States' sovereign immunity to civil actions for money damages, allowing such claims to proceed exclusively in United States District Court when a plaintiff's loss is caused by:

> the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA goes on to state that, upon certification by the Attorney General that an individual defendant employee was acting within the scope of his employment when the actions giving rise to such claims occurred, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

It is clear from the FTCA itself and supporting case law that "[t]he only proper defendant in an FTCA suit is the United States itself." *Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) (citing 28 U.S.C. § 2671 et seq.); *see also Macchione v. United States*, Civ. No. 13-cv-2723, 2016 WL 727579, *3 n.3 (M.D. Pa. Feb. 24, 2016) ("Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate defendant."). Thus, the court will dismiss Defendants Borda, Priori, and the USDA from this action and the United States will proceed as the sole defendant.

### B.   Claims for Defamation and Business Disparagement

The Government next argues that Counts 1 and 2 of the amended complaint should be dismissed with prejudice because they arise out of libel and slander, which are exemptions to the Government's limited waiver of sovereign immunity

under the FTCA.  Plaintiff contends that its claims for defamation and business disparagement arise out of the negligent acts of Borda and Priori which should fall under the exception for abuse of process by investigative officers.

The FTCA exempts the United States from claims pursuant to § 1346(b) that "aris[e] out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  As the Third Circuit has stated, "[d]efamation is not included in the list of actions for which the United States has waived immunity under the [FTCA]."  *Izzo v. U.S. Gov't*, 138 F. App'x 387, 389 (3d Cir. 2005) (citing 28 U.S.C. §§ 1346(b), 2680(h)).  It is also of no import how a plaintiff chooses to label a claim as the court must "look beyond the literal meaning of the language to ascertain the real cause of the complaint." *Brumfield v. Sanders*, 232 F.3d 376, 382 (3d Cir. 2000) (quoting *Jimenez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982)).  "Claims, no matter how they are described by a plaintiff, based on dissemination of defamatory information pertaining to a federal investigation are barred by the libel/slander exemption." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citing *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991)).  "And surely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains

immunized." *Id.* (quoting *Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976)) (alteration in original).

Just as defamation claims against the United States are disallowed under the FTCA as arising out of libel and slander, so are claims for business disparagement. *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2005) (holding that claim for business disparagement was disallowed under the libel/slander exemption of 28 U.S.C. § 2680(h)).  Here, the allegations supporting Plaintiff's defamation claim are that Borda and Priori made false "published statement[s] by oral and written communication" asserting that products at Plaintiff's Warehouse had been contaminated with ammonia, that these "statements were both libel and slander," and that Plaintiff suffered damages.  (*See* Doc. 4, ¶ 53.)  Likewise, in support of its business disparagement claim, Plaintiff alleges that Borda and Priori made published oral and written statements regarding ammonia contamination that turned out to be untrue and which caused Plaintiff harm.  As the Third Circuit has held with regard to a claim similar to those here, "the essence of [plaintiff's] intentional tort cause of action is that the individual defendants made false statements about him that caused him economic harm and damage to his reputation.  As such, it is precluded by § 2680." *Brumfield*, 232 F.3d at 382.  Plaintiff's attempt to call its libel and slander claims by a different

name is not persuasive.  Accordingly, the court will dismiss Counts 1 and 2 with prejudice.

### C.   **Exhaustion of Administrative Remedies**

The Government's final argument is that the amended complaint should be dismissed in its entirety because Plaintiff failed to exhaust its administrative remedies by instituting this action before receiving a final denial from the USDA or waiting the required six months.  Plaintiffs argue that their failure to wait the full six months should be excused because, although the complaint was filed within the six-month period, Defendants were not served and were therefore unaware of the suit until after the six-month period, and because Plaintiff needed to file suit when it did to comply with the applicable statute of limitations.  The court disagrees.

As an initial matter, Plaintiff's assertion that it needed to file suit within two years so as not to have its claims time-barred is incorrect.  The FTCA clearly states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to *the appropriate Federal agency* within two years after such claim accrues."  28 U.S.C. § 2401(b) (emphasis supplied).  Plaintiff did just that, and was not required to do anything further to preserve its claims until receiving a final denial from the USDA.  Indeed, the Third Circuit has previously rejected this argument.  *See Wadhwa v. Nicholson*, 367 F. App'x 322, 324-25 (3d Cir. 2010)

(affirming dismissal of complaint as premature where plaintiffs claimed that "they prematurely filed this civil action due to a concern that, if they were to await the [agency]'s decision on their claim against [the defendant], their federal suit could potentially be barred by 'the two-year statute of limitations.'").

Turning to the six-month waiting period, the FTCA prohibits an action from being instituted against the United States

> unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "Section 2675 is more than a mere statement of procedural niceties and requires that jurisdiction exist at the time of the filing of the complaint." *F.D.I.C. v. James T. Barnes of Puerto Rico, Inc.*, 834 F. Supp. 543, 549 (D.P.R. 1993) (citation omitted). Instead, waiting for receipt of a final denial before filing suit is a jurisdictional requirement that cannot be waived. *See Accolla v. U.S. Gov't*, 369 F. App'x 408, 410 (3d Cir. 2010) (citing *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976)). Here, Plaintiff did not wait for the final denial in the form of the expiration of the six-month period as it filed this action only two months after it submitted its administrative remedy, and therefore the court has no jurisdiction to preside over this dispute.

Furthermore, Plaintiff's argument that it did not serve the complaint on the Government until after the six-month window is unavailing.  The same argument was rejected by the Fifth Circuit Court of Appeals, which held that "[t]his argument is frivolous.  No authority supports the proposition that the defects of a prematurely filed complaint may be cured by dilatory service." *Reynolds v. U.S.*, 748 F.2d 291, 293 (5th Cir. 1984).   Likewise, the Third Circuit, relying on Supreme Court precedent, has rejected a similar argument where the plaintiff contended that the premature filing of suit before the end of the six-month period could be "cured" as long as no substantial progress had taken place in the lawsuit before the six-month period ended.  *See Wadhwa*, 367 F. App'x at 325 n.5 (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).  The Third Circuit went on to affirm the Eastern District's decision to dismiss the plaintiffs' complaint "without prejudice and with the express recognition that [plaintiffs] 'may re-file their complaint after the claims contained therein have been properly exhausted.'" *Id.* Here the court will likewise dismiss the remainder of Plaintiff's amended complaint without prejudice for failure to comply with 28 U.S.C. § 2675(a).

## IV.   **Conclusion**

For the reasons stated herein, the court finds that the United States is the only proper defendant pursuant to this FTCA action, and Defendants Borda, Priori, and USDA will be dismissed from the action.  The court further finds that Counts 1

and 2 of the amended complaint are exempted under the FTCA as arising out of libel and slander, and those counts will be dismissed with prejudice.  Finally, the court finds that Plaintiff failed to exhaust its administrative remedies in not waiting for a final denial before instituting this action, and therefore Count 3 will be dismissed without prejudice.

An appropriate order will issue.


                                       s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: September 19, 2016